## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE:

FABIOLA MUNOZ,

     Plaintiff,

v.

SUNSET #72, INC. and HUERTA
CONSULTANTS & MANAGING GROUP,
INC.,

     Defendants.
_____/

## **COMPLAINT**

     Plaintiff, FABIOLA MUNOZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SUNSET #72, INC. and HUERTA CONSULTANTS & MANAGING GROUP, INC. (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

     1.     This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

     2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

     3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

     4.     Plaintiff, FABIOLA MUNOZ, is an individual over eighteen (18) years of age, with

a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, SUNSET #72, INC., owned and operated a commercial retail center at 10690 SW 72nd Street, Miami, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade County, Florida.

6. At all times material, Defendant, SUNSET #72, INC., was a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Doral, Florida.

7. At all times material, Defendant, HUERTA CONSULTANTS & MANAGING GROUP, INC., owned and operated a commercial gas station at 10690 SW 72nd Street, Miami, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade County, Florida. Defendant, HUERTA CONSULTANTS & MANAGING GROUP, INC., holds itself out to the public as "Chevron."

8. At all times material, Defendant, HUERTA CONSULTANTS & MANAGING GROUP, INC., was a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10. Although over twenty-nine (29) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA. FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that causes loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing.

14. Defendant, SUNSET #72, INC., owns, operates and oversees the Commercial Property, its general parking lot and parking spots. Defendant, HUERTA CONSULTANTS & MANAGING GROUP, INC. owns and operates a gas station within the Commercial Property.

15. The subject Commercial Property is open to the public and is located in Miami-Dade County, Florida.

16. The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, regularly, to include a visit to the Commercial Property and business located within the Commercial Property on or about August 25, 2021 encountering multiples ADA violations that directly affected her ability to use and enjoy the Commercial Property and the business located therein. She often visits the Commercial Property in order to avail herself of the goods and services offered there, and because it is approximately twelve (12) miles from her residence. She plans to return to the Commercial Property and the business located therein within

two (2) months from the filing date of the complaint. More specifically Plaintiff intends to revisit on or before February 20, 2022.

17. Plaintiff resides nearby in a the same County and the same state as the Commercial Property and the business located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to her home and other businesses that she frequents as a patron, and intends to return to the Commercial Property and the business located within the Commercial Property within two (2) months from the filing of this Complaint. More specifically Plaintiff intends to revisit on or before February 20, 2022.

18. The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue her patronage and use of the commercial premise and business located therein.

19. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and the business located within the Commercial Property. The barriers to access at Defendants' Commercial Property, and the business located within the Commercial Property have denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered her safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and others similarly situated.

20. Defendants, SUNSET #72, INC. and HUERTA CONSULTANTS & MANAGING GROUP, INC., own and operate a place of public accommodation as defined by the ADA and the

regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, SUNSET #72, INC. and HUERTA CONSULTANTS & MANAGING GROUP, INC., are responsible for complying with the obligations of the ADA. Defendants, SUNSET #72, INC. and HUERTA CONSULTANTS & MANAGING GROUP, INC., own and operate a business and place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. The place of public accommodation that Defendants, SUNSET #72, INC. and HUERTA CONSULTANTS & MANAGING GROUP, INC., own and operate is located at 10690 SW 72nd Street, Miami, Florida.

21.    Plaintiff, FABIOLA MUNOZ, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Count I of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail herself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure herself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

22.    Defendant, SUNSET #72, INC., as landlord and owner of the Commercial Property, and HUERTA CONSULTANTS & MANAGING GROUP, INC., as tenant and owner and operator of the business, are jointly and severally responsible and liable for all ADA violations

listed in this Complaint.

23. Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

## **ADA VIOLATIONS**

24. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Defendants, SUNSET #72, INC. and HUERTA CONSULTANTS & MANAGING GROUP, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

    A. Parking Lot and Exterior Accessible Route

i. Accessible spaces lack clear and level aisles, they have slopes or cross slope of > 3% (>2%) endangering Fabiola Munoz when unloading and violating the ADAAG and ADAS Section 502.

    B. Entrance Access and Path of Travel

i. There is no compliant route from transit, sidewalk, and parking areas for Fabiola Munoz to access Chevron which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Accessible routes at Chevron have cross slopes (>2%) creating hazardous conditions for Fabiola Munoz in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Accessible routes at Chevron have changes in level of (>3/4") creating hazardous conditions for

Fabiola Munoz violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iv. Ramp or curb ramp does not provide required edge protection where there is a drop-off of (> 4") violating the ADAAG and Section 405.9 of the 2010 ADAS.

### C. Access to Goods and Services

i. Counters are in excess of 36" preventing Fabiola Munoz from using, in violation of Section 7.2 (1) of the ADAAG.

ii. Interior paths and checkout aisles at Chevron lack 36" min clear width required by the 2010 ADAS, impeding Fabiola Munoz.

iii. ATM or similar fails to comply with requirements in ADAAG and 2010 ADAS Section 707.

### D. Restrooms

i. Fabiola Munoz unable to use Mirror due to bottom-reflecting surface, violating the ADAAG and 2010 ADAS.

ii. Fabiola Munoz is unable to reach Dispenser controls, which exceed limits in ADAAG and 2010 ADAS Sec. 308.

iii. Grab bars do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Fabiola Munoz.

iv. Mounted items above grab bar (12" min), prevent use by Fabiola Munoz, violating the ADAAG and 2010 ADAS.

v. Toilet flush valve not mounted on wide side, denying access to Fabiola Munoz, violating the ADAAG and 2010 ADAS Sec. 604.

**RELIEF SOUGHT AND THE BASIS**

26. The discriminatory violations described in Paragraph 25 of this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the

Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

27. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building(s), businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to

discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates its businesses, located at and/or within the commercial property located at 4751 Palm Avenue, Hialeah, Florida 33012, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, FABIOLA MUNOZ, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: December 9, 2021

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
dperaza@lawgmp.com

By: ___/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ
      BEVERLY VIRUES